Allen, J.
The directions of the statute of 1814 (incorporated in the general statute of conveyances at the revisal of 1819) touching the acknowledgment of deeds by femes covert, are plain and explicit. The certificate of the justices must shew, that the feme personally appeared before them; that she was examined privily and apart from her husband, and having the deed fully explained to her, she acknowledged it to be her act and deed, and declared she had willingly signed, sealed and delivered the same, and that she wished not to retract it. It is conceded, that though the form of the certificate is given, if it is to the same effect, though not in the same words, it is sufficient. But the certificate must shew, that every thing was done, which is required by the law to be done. In the language of president Tucker in Tod v. Baylor, “ Though wo do not require the certificate to be in the express language of the law, neither do we dispense with any part of the law. We only consider the language used, as if it was the very language of the law.” The certificate, in the case under consideration, varies from the form prescribed, in several respects; but enough appears upon its face, to shew *460 that the law was substantially complied with except in one particular: the justices do not certify that the deed was fully explained to the feme, nor is there any thing in the certificate from which, in my opinion, we are authorized to infer, that at the time of the acknowledgment of the deed she had knowledge of its contents. It has been argued with much ingenuity, that, as it appears from the certificate, that she acknowledged she had willingly executed said deed on her part, that implies a consent, and that she could not consent to that of which she was ignorant. The argument strikes me as more specious than sound. We can easily imagine that a wife might be readily brought to yield her consent to an act of this kind desired by her husband, though ignorant of its. character. But with the plain requisitions of the statute before us, such speculations are unnecessary. At common law, she could not convey. The statute points out a mode by which a valid conveyance may be made. It is an innovation on the common law, and its terms must be substantially complied with. By it, the certificate must in some form shew, not only that she acknowledged the conveyance, and that she willingly signed, sealed and delivered the same, and wished not to retract it, but that it was explained to her. The explanation is to be made, that she may have knowledge of the contents; but if the acknowledgment implies consent, and consent implies knowledge, then the simple acknowledgment would have been sufficient, and the other requirements would be supererogatory. The case of Tod v. Baylor was relied on as an authority in favour of this certificate. It arose under the act of 1792. That act provided, that the wife being examined privily and apart from her husband by the commissioners, should declare, that she willingly signed and sealed the said writing, to be then shewn and explained to her by them, and consents to its being recorded ; and that the commissioners should return a certificate of such *461 privy examination, and of such declaration made and con-___ ... n . . sent yielded. That statute did not, m terms, require that it should appear in the certificate, that the deed was explained to her. And upon this construction of the law, judge Carr based his opinion: “It is clear,” he says, “ the commissioners are directed to shew and explain the deed to her, on her privy examination ; but this need not be certified; for the law expressly limits the certificate to the privy examination, the declaration, and the consent.” Judge Cabell gave no opinion, nor did judge Brooke as to this point. Tucker, P. in reviewing the statute, seems to concur with judge Carr as to what must appear on the certificate. The words “ to be then shewn and explained to her,” he remarks, “stand out, as it were, from the rest of the clause, and seem merely directory.” In another part of his opinion, he states that her knowledge of the nature of the act done, should appear from the certificate ; and then proceeds to argue that the certificate there, did shew her knowledge of the nature of the act done. It appeared from the certificate, that she acknowledged the conveyance of the land contained in the deed; and how, he asks, could the commissioners certify that fact, unless she knew that that deed did convey that land ? It was by reference to the land, the precise quantity, to the fact that that deed conveyed that quantity, that the wife’s knowledge of the nature of the act done appeared on the face of the certificate. Take the case either way, it is no authority for the proposition noiv contended for. Either the act of 1792 did not require the fact to appear, as judge Carr held, and therefore the certificate was sufficient; or if it did require that her knowledge of the act done should appear, as may be implied from one part of the president’s opinion, the certificate shewed such knowledge. But he/did not maintain, that such knowledge of the nature of the act done would have appeared, if the commissioners had merely certified that the deed was ac *462 knowledged before them. In that case, they did certify her acknowledgment of the conveyance, that it was done freely and voluntarily, without the threats or persuasions of her husband, and that she was willing the same ]3e recorded; yet it was not upon any of these expressions the judge predicated her knowledge of the act done: the certificate went further, it certified her acknowledgment of the conveyance of the very land contained in the deed, and from this her knowledge appeared on the face of the certificate. The statute of 1814 requires, in terms, that the certificate shall shew, that the deed was explained to her. But here, nothing but a simple acknowledgment of the deed appeai-s. The case of Tod v. Baylor, considered under another aspect, is authority in support of the view I take of our existing law. The statute of 1792 provided that where husband and wife had sealed and delivered a writing,—and the wife appeared in court, and on her privy examination, she should acknowledge she had sealed and delivered See. but if she should appear before commissioners, then she should declare she had willingly signed and sealed said writing. At common law, the sealing and delivery are the essence of the execution, and constitute the deed. The statute in the commencing clause so treats it—“ where husband and wife have sealed and delivered a writing,” and makes the acknowledgment of sealing and delivery, if made in court, sufficient. But when it comes to provide for an acknowledgment before commissioners, another term was inserted; she was to declare she had signed and sealed. In Tod v. Baylor, one of the deeds was not signed, and judges Brooke and Tucker held that signing could not be dispensed with, against the express language of the statute; and judge Carr, though he doubted on this point, yielded to the opinion of his brethren. So, in this case, the certificate must in eifect shew that the deed was explained; acknowledgment alone was not considered by the legis *463 lature as shewing this, or they would not have required it in addition to the acknowledgment; nor, in Tod v. Baylor, was it held to amount to knowledge of the nature of the act done. How, then, (in the language of the judges in that case, when treating of the signing,) can we dispense with the express language of the statute ?
There is good reason for requiring a substantial compliance with all the requisitions of the statute. The statute of fines, 18 Ed. 1. provided, that “if a woman covert be one of the parties, then she must be examined by four of said justices, and if she doth not assent thereunto, the fine shall not be levied.” Coke, in his commentary on this statute, 2 Inst. 514. says, “ the examination must be solely and secretly, and the effect thereof is, whether she be content of her own free will, without any menace or threat, to levy a fine of these parcels, and name them unto her, every thing distinctly contained in the writ, so as she perfectly understand what she doth." This statute had received, therefore, a construction in practice, which required an explanation to the wife, and her knowledge of the nature of the act done. The first of our statutes, that of 1674, after reciting that the legal way of passing estates where the inheritance is in a feme covert, was by fine and recovery, but we having no fines and recoveries in this country, it was usual to take the acknowledgment of the husband and wife in the general and county courts, proceeds to enact that such acknowledgment should be good and effectual against the husband and wife, as if the same had been done by fine and recovery. The same reference is made to the fine and recovery in subsequent statutes down to the statute of 1748 inclusive. The examinations under most of those statutes being made in court, the practice no doubt conformed to that which was required under the statute of fines. It was unnecessary to give more specific directions, as the courts ac *464 quainted with the practice which that statute had given rise to, would, acting under a similar statute, conform to it. But when the commission was authorized, the law was made more specific. The commission pointed out qlejr ¿nties to the commissioners; and they were required to shew by their certificate, a performance of such as were deemed most essential. The statute of 1814 dispensed with the commission. The law itself is a commission to any two justices to make the privy examination and take the acknowledgment of the feme; not only to any two justices of this commonwealth, but of the whole union. The statute gives the form of the certificate, and requires it to he in that form, or to that effect. The certificate they are required to make, points out to the justices the duties they are to perform. It. comes in the place of the knowledge the courts were presumed to possess of the practice under the statute of fines, and of the instructions to the commissioners, communicated by the commission. Whilst a compliance with all the terms of the law, is required to appear on the face of the certificate, we have a reasonable assurance that the leading object of the statute will be secured ; that is, the providing the wife with an opportunity, after a full understanding of the nature of the act she is about to do, of exercising her own free will.
The certificate in the present case does not, in terms, state that the deed was explained to the wife; and there is nothing on the face of it to the same effect, which justifies the inference that it was explained, or that she had knowledge of the nature of the act she was doing; on the contrary, every word of the certificate may be true, and yet she may never have read the deed, or heard its contents. Therefore, I think, the certificate is defective and the deed not valid as to her.
Stanard, J. concurred.
*465 Cabell, J.
In the case of a deed executed by a person not under the disability of coverture, the law infers, prima facie, that the party executing it had sufficient knowledge of the nature and effect of the deed, and that he acted freely and voluntarily. Therefore, nothing farther is required, than proof of the mere execution of the deed. But the law makes no such inference in the case of married women, who, being under the power and dominion of their husbands, may sometimes be coerced to do that which they would not willingly do ; and, even where there is no coercion, they may be deceived as to the nature and effect of the act proposed to be done, by the representations of their husbands, in which the3q generally, repose an unsuspecting confidence. To guard the wife against these dangers, the law is not satisfied with her mere acknowledgment of the deed. Such acknowledgment does not and ought not to imply, that che acted either voluntarily, or with proper knowledge. It may, in fact, have been made in terror of her husband, or in ignorance of the nature and effect of the deed. The law, therefore, has wisely ordained that, to give validity to the deed of a married woman, it must appear, that in executing the deed, she acted both understandingly and willingly.
The certificate before us is fatally defective. It does not appear that mrs. Randolph was acquainted with the nature and effect of the deed. The certificate does not state, that the deed was explained to her by the justices; nor does it state any circumstance, from which her knowledge of its contents can be fairly inferred.
The judgment must be affirmed.